# 66750. CLARK v. THE STATE.

CARLEY, Judge.

Appellant was convicted of driving under the influence of alcohol and of public indecency. He appeals.

At trial, the evidence established that a police officer on a late-night routine patrol observed appellant urinating behind a car in a shopping center parking lot. Appellant then entered the car and began driving down the street. The officer stopped appellant, not for erratic driving, but to arrest him for public indecency. However, since there was an odor of alcohol on appellant's breath, the officer also charged him with driving under the influence. An auto-intoximeter test of appellant's breath registered a blood alcohol content of .11, which was sufficient to raise a presumption of intoxication under OCGA § 40-6-392 (Code Ann. § 68A-902.1).

1. Appellant asserts that OCGA § 40-6-392 (b)(3) (Code Ann. § 68A-902.1) — which provides that a presumption of intoxication is raised if a person's blood alcohol level is .10 or higher — unconstitutionally shifts the burden of proof to the defendant to show his innocence in violation of the due process rights guaranteed by our state and federal constitutions. This assertion has previously been decided adversely to appellant in *McCann v. State,* 167 Ga. App. 368 (306 SE2d 681) (1983).

2. Appellant further asserts that OCGA § 40-6-392 (b)(3) (Code Ann. § 68A-902.1), even if constitutional on its face, was unconstitutionally applied in the instant case. Appellant contends that the charge on the statute given to his jury impermissibly directed the return of a verdict of guilty on the basis of the statutory presumptions of intoxication. Upon examining the charge as a whole, we find that it passes constitutional muster, inasmuch as the jury was instructed that the statutory presumptions were rebuttable. Nonetheless, "we believe that the charge quoted in *McCann,* supra (2), when used in connection with the instructions on the statutory presumptions, provides the jury with a clearer understanding of the legal impact of presumptions. The quoted portion of the *McCann* charge should always be given by trial courts when instructing on OCGA § 40-6-392 [Code Ann. § 68A-902.1]." *Olsen v. State,* 168 Ga. App. 296 (308 SE2d 703) (1983).

3. Appellant enumerates as error the trial court's failure to grant his motion for a directed verdict of acquittal on the public indecency charge. He further contends that the evidence was insufficient to support his conviction of that offense.

Appellant was charged by accusation with making a lewd appearance in a state of partial nudity in a public place, a violation of

OCGA § 16-6-8 (3) (Code Ann. § 26-2011). The only evidence supporting this charge was the testimony of the arresting police officer. He testified that he observed appellant urinating on the ground in the shopping center parking lot, although he did not actually see appellant's sexual organs.

" 'Whether an act is decent or indecent depends upon the time, the place, and all the circumstances surrounding its commission, including the intention, actual or implied, of the actor.' [Cit.] 'Lewd,' in summary, at least means a moving away from some form of community morality norms towards an amorality, immorality or obscenity, which in the final analysis within community standards as to particular acts, as to acceptability or unacceptability, is best left to a jury for determination." *Collins v. State,* 160 Ga. App. 680, 683 (288 SE2d 43) (1981). The evidence supported the jury's conclusion that, under all the circumstances, appellant's act was lewd.

"Public place" is defined by OCGA § 16-1-3(15) (Code Ann. § 26-501) as "any place where the conduct involved may reasonably be expected to be viewed by people other than members of the actor's family or household." Whether an act is performed in a "public place" is a jury question. *White v. State,* 138 Ga. App. 470 (226 SE2d 296) (1976). This court has held that "[a]n act is 'public,' however, when it is committed in a 'public place' and members of the public casually passing by would be likely to see it and one or more actually did see it." *Byous v. State,* 121 Ga. App. 654, 655 (175 SE2d 106) (1970). From the evidence presented in the instant case, the jury could readily have determined that the shopping center parking lot was a public place under this standard. *White v. State,* supra. See also *Key v. State,* 131 Ga. App. 126 (205 SE2d 510) (1974). Although the evidence as to partial nudity was circumstantial, it was sufficient, as the jury could reasonably have inferred from the police officer's testimony that appellant was partially nude while performing the act of urination.

4. At trial, both the state and appellant focused on public indecency in terms of "lewd exposure of the sexual organs" (see OCGA § 16-6-8 (2) (Code Ann. § 26-2011)), rather than in terms of "partial nudity." However, the evidence relied upon by the state was not "so much at variance from the allegations with which [appellant] was charged by accusation as to fail to meet the requirements adopted in *DePalma v. State,* 225 Ga. 465 [(169 SE2d 801) (1969)]." *Motes v. State,* 159 Ga. App. 255, 256 (283 SE2d 43) (1981). Appellant was sufficiently informed of the charges against him so that he was able to present his defense and was not surprised by the evidence introduced at trial. Additionally, there is little doubt that appellant is

protected against another prosecution for the same offense, since there was no question as to which particular course of conduct was at issue in the instant prosecution. Compare *Motes v. State,* supra. Accordingly, we find no fatal variance between the allegation and the proof. Appellant's conviction of public indecency is affirmed.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 6, 1984 —
REHEARING DENIED JANUARY 19, 1984 — 

*Howard Tate Scott,* for appellant.
*Ken Stula, Solicitor,* for appellee.