## A98A0691. MINOR v. THE STATE.
### (501 SE2d 576)

JOHNSON, Judge.

Jerome Minor appeals his conviction for public indecency. We affirm.

1. Minor asserts the evidence was insufficient to prove his guilt beyond a reasonable doubt and that the trial court should have directed a verdict in his favor. Viewed in a light most favorable to support the jury's verdict, the evidence shows that a correctional officer at the state prison facility in Oglethorpe, Georgia, observed Minor sitting in a common television-viewing room with his penis out of his pants. The correctional officer was five or six feet away from Minor. Minor was masturbating. When Minor saw the correctional officer looking at him, he covered his penis with a piece of newspaper.

The crime of public indecency as defined in OCGA § 16-6-8 consists of the performance of certain proscribed acts in a public place. The acts include a lewd exposure of the sexual organs or a lewd appearance in a state of partial or complete nudity. OCGA § 16-6-8 (a). Correctional institutions are public places within the meaning of the public indecency statute. OCGA § 16-6-8 (d).

Contrary to Minor's assertion, the statute does not require that some person be embarrassed, offended or otherwise outraged. In addition, it was for the jury to determine whether Minor's act was lewd. See *Clark v. State,* 169 Ga. App. 535, 536 (3) (313 SE2d 748) (1984). The trial court did not err in denying Minor's motion for a directed verdict of acquittal. The evidence was sufficient to enable a rational trier of fact to find Minor guilty of the offense of public indecency beyond a reasonable doubt under *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Collins v. State,* 191 Ga. App. 289 (1) (381 SE2d 430) (1989).

2. Minor further contends the trial court erred in denying his motion for a continuance due to the unavailability of two witnesses. We disagree.

Six days before trial, Minor served a "Writ of Habeas Corpus Ad

Testificandum" to compel the Department of Corrections to produce two inmates to be used as witnesses for the defense. The Department of Corrections requires ten days notice of the appearance of inmates in order to arrange transportation for the inmates. Minor's trial counsel stated that he was unable to comply with the ten-day requirement because of his late appointment in this case eight days before trial. There is no explanation regarding why Minor's trial counsel was appointed so late, and Minor does not raise any arguments regarding the late appointment.

At trial, after the state rested, Minor informed the trial court that defense witnesses were not yet available and that he was unsure when they would arrive. The trial court then inquired into the nature of the witnesses' expected testimony. Trial counsel admitted he had never spoken with the witnesses, but stated that Minor informed him the witnesses would deny that the incident ever occurred.

All applications for continuance are addressed to the sound discretion of the trial court, and we will not disturb the trial court's ruling absent an abuse of discretion. OCGA § 17-8-22; *Murphy v. State*, 212 Ga. App. 153, 155 (3) (442 SE2d 2) (1994). The party moving for continuance must show he used due diligence. OCGA § 17-8-20. Minor's counsel was appointed late and did not enter an appearance until eight days before trial, and Minor's writ to compel the Department of Corrections to produce the two inmates did not give the Department of Corrections sufficient time to arrange for transportation of the inmates to Minor's trial. Thus, Minor was, in large measure, responsible for his own predicament. "One cannot complain of a ruling that his or her own procedure or conduct aided in causing. [Cit.]" *Murphy*, supra at 154 (3); see also *Tucker v. Signature Flight Support-Savannah*, 219 Ga. App. 834, 835 (466 SE2d 694) (1996). The trial court did not abuse its discretion in denying Minor's request for a continuance.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED APRIL 14, 1998.

*Donald L. Lamberth*, for appellant.
*John R. Parks, District Attorney, Barbara A. Becraft, Assistant District Attorney*, for appellee.

