A99A0766. WATKINS v. THE STATE.
(514 SE2d 244)

McMURRAY, Presiding Judge.

A jury found Richard A. Watkins guilty of public indecency. Watkins appeals from the order denying his motion for new trial. He argues that the evidence, particularly that adduced on the element of criminal intent, was insufficient to support his conviction. We affirm.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that during the early evening of August 28, 1997, Watkins exposed his erect penis to Crystal Donaldson as he drove his car by her in a mall parking lot. Donaldson, who was employed at a mall store, testified that she noticed a late-model, gold colored car circling the parking lot as she walked from the store to her parked car. As she was returning to the store, she stopped to allow the car to pass in front of her on its way toward Wal-Mart. As the car went by, she observed the driver. Donaldson described the driver as a white

male in his late 30s with dark hair, a mustache, and a red tank top. The driver's erect penis was exposed. Donaldson saw the driver park in the Wal-Mart parking lot and go inside that store.

Donaldson immediately called the police. The responding officer found in the parking lot next to Wal-Mart a car matching the one Donaldson described. While another officer watched the car, the responding officer went inside the Wal-Mart and located a man matching Donaldson's description of the driver. The man, who identified himself as Richard Watkins, denied exposing himself to Donaldson. However, he did admit to reading pornographic magazines as he sat in his car in the parking lot. Donaldson identified Watkins to the police and at trial as the man who exposed himself to her.

The State also introduced evidence of a similar transaction. On April 27, 1995, Denise Crowder and Shirley Kent observed a gold colored car circling the Texaco station where they had stopped to use a pay phone. Crowder testified that as she drove away, she and Kent observed the gold colored car following. Crowder slowed her car at the entrance to her subdivision, allowing her pursuer to pass. As she attempted to turn her car around, Crowder saw the driver of the gold colored car get out of his car and walk toward her. The man stopped in the middle of the street facing Kent and Crowder, exposed his penis, and appeared to dance. Crowder got the man's tag number and reported the incident to police. The car was registered to Watkins. After both Crowder and Kent picked Watkins' picture from a photographic lineup, he was arrested and charged with public indecency. He pled guilty to the charge in the similar transaction case.

"The crime of public indecency as defined in OCGA § 16-6-8 consists of the performance of certain proscribed acts in a public place. The acts include a lewd exposure of the sexual organs or a lewd appearance in a state of partial or complete nudity. OCGA § 16-6-8 (a)." *Minor v. State*, 232 Ga. App. 246 (501 SE2d 576) (1998). "The exposure must be intentional of course and not merely inadvertent or accidental." *Byous v. State*, 121 Ga. App. 654, 655 (175 SE2d 106) (1970). Given the similar transaction evidence and the evidence that the exposure occurred while Watkins was driving, while his penis was erect, and after he had admittedly viewed pornographic magazines, the jury could reasonably infer that Watkins exposed himself to Donaldson intentionally. The evidence was sufficient to enable a rational trier of fact to find Watkins guilty of the offense of public indecency beyond a reasonable doubt under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Minor v. State*, 232 Ga. App. 246, supra.

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 17, 1999.

*James S. Purvis*, for appellant.

*Richard R. Read, District Attorney, Robert G. Mikell, Assistant District Attorney*, for appellee.