## A99A2492. IN RE ESTATE OF JACKSON.
(526 SE2d 884)

ELDRIDGE, Judge.

Ira Jackson appeals from the probate court's order removing him as administrator of the estate of Willie R. Jackson, Sr. We find no error and affirm.

On March 23, 1998, Willie R. Jackson, Jr. filed a petition in the Probate Court of Fulton County to remove Ira Jackson as the administrator of his father's (Willie R. Jackson) estate. At the time the petition was filed, Ira Jackson was an inmate of Maxwell AFB Federal Penitentiary, which is located in Montgomery, Alabama. A rule nisi was issued setting a hearing on the petition for August 6, 1998, and Ira Jackson was served with a copy of the petition and rule nisi.

At the hearing on August 6, 1998, Willie R. Jackson, Jr., counsel for Ira Jackson, and counsel for the surety were present. On August

7, 1998, the probate court entered an order finding that there were matters in dispute between the administrator and one or more of the heirs, and that the administrator had not shown why the disputed matters had not been resolved and why the administration of the estate had not been completed since 1988. In such interim order, the probate court ordered Ira Jackson to file a proposed final settlement of the estate within 30 days and directed that Ira Jackson would be removed as administrator if the proposed final settlement was not filed timely. Ira Jackson did not file a petition for final settlement of the estate until November 6, 1998.[1] On December 7, 1998, Willie R. Jackson, Jr. filed a response challenging the final settlement.

After additional hearings were held on January 19, 1999, and May 3, 1999, the probate court entered a final order on May 25, 1999. In this order, the probate court found that Ira Jackson should be removed as administrator for the following reasons: "(1) he [had] failed to file timely and proper annual returns, and (2) he [had] failed to expeditiously and properly administer the estate[,]" and appointed Willie R. Jackson, Jr. as successor administrator. In addition, the probate court ordered that Ira Jackson should not receive any further payments, other assets, or attorney fees from this estate; Ira Jackson must re-deed the property back to the estate that he had previously deeded to himself within 30 days of the date of the order, and that if Ira Jackson complied with this provision, it would be considered that he had made an accounting and owed no money back to the estate; and if the Kennesaw property (which was still in the estate) was sold, the proceeds were to be held in the estate until September 1, 1999, or further order of the court, to allow Ira Jackson to file documents showing additional amounts owing to him for the court's consideration. It is from the entry of this order that Ira Jackson appeals. *Held*:

1. Ira Jackson alleges that the probate court erred in denying his motion for a continuance of the May 3, 1999 hearing so that he could attend after his proposed release date from prison.

Ira Jackson's motion for continuance was not filed with the probate court until April 26, 1999, approximately one week before the May 3, 1999 hearing. In such motion, Ira Jackson alleged that he was incarcerated, and that he was due to be released from the custody of the Federal Bureau of Prisons on July 23, 1999. Ira Jackson requested a continuance of the hearing until after his anticipated July 23, 1999 release date so that he could personally appear and present documentary evidence.

"A motion for continuance of a trial is properly addressed to the

---

[1] Amendments to the petition for final settlement were filed on November 12, 1998, and January 29, 1999.

'sound legal discretion' of a trial judge, who is in control of the management of the case in court. OCGA § 9-10-167. [Cit.]" *Gen. Motors Corp. v. Blake*, 237 Ga. App. 426, 427 (515 SE2d 166) (1999). "The exercise of that discretion will not be disturbed by the appellate courts unless the discretion is manifestly abused. [Cit.]" *Simmons v. Simmons*, 265 Ga. 183, 184 (453 SE2d 696) (1995).

"In all cases, the party making an application for a continuance must show that he has used due diligence." OCGA § 9-10-166. Ira Jackson and his counsel had the burden of ensuring that a writ of habeas corpus ad testificandum[2] was filed in the proper court requesting that federal officers be compelled to produce Ira Jackson for the hearing. There is no evidence in the record that such a writ was filed. "One cannot complain of a ruling that his or her own procedure or conduct aided in causing." (Citations and punctuation omitted.) *Minor v. State*, 232 Ga. App. 246, 247 (501 SE2d 576) (1998).

Further, there was no showing that Ira Jackson would, in fact, be released from prison on July 23, 1999; such release date was an anticipated release date. Additionally, when the motion for continuance was filed, the petition to remove Ira Jackson as administrator had been pending for over a year. Ira Jackson admits in his motion that the matter had "been pending for an inordinate period of time of [sic] and that much of the delay [was] the fault of [p]etitioner." Under the facts of this case, we find no abuse of discretion in the denial of the motion for continuance.

2. Ira Jackson alleges that the probate court abused its discretion in removing him as administrator and appointing a successor administrator absent a showing of waste, mismanagement, or that he was unfit for the trust reposed in him.

Ira Jackson has failed to support or address this enumeration of error in his brief in any manner with either citation of authority or argument. Therefore, such enumeration of error is waived pursuant to Court of Appeals Rule 27 (c) (2). Because this issue is so essential to the case, however, this Court will address this enumeration in the exercise of its discretion.

The probate court, in the *exercise of its discretion*, may revoke a personal representative's (or administrator's) letters "[u]pon the petition of any person having an interest in the estate or whenever it appears to the probate court that good cause may exist to revoke the letters of a personal representative." OCGA § 53-7-55 (1).[3] The discre-

---

[2] 28 USCA § 2241 (c) (5); *Clark v. Hendrix*, 397 FSupp. 966 (N.D. Ga. 1975).

[3] OCGA § 53-7-55 became effective January 1, 1998, to the extent that no vested rights of title, year's support, succession, or inheritance were impaired and carries forward the provisions of former OCGA § 53-7-148. Ga. L. 1997, pp. 1352, 1353, § 1; Ga. L. 1996, pp. 504, 623, § 17; OCGA § 53-7-55, comment, p. 558.

tionary powers of the probate court under OCGA § 53-7-55 are "very broad and may be exercised whether the violation of law under consideration is a minor or major 'matter.'" *Lokey v. Lokey*, 82 Ga. App. 171, 176 (60 SE2d 569) (1950); see also *In re Estate of Dunn*, 236 Ga. App. 211, 213 (511 SE2d 575) (1999).

OCGA § 53-7-67, which carries forward the provisions of former OCGA § 53-7-180, requires any personal representative (or administrator) of an estate, who is required to make an annual return, to file with the probate court each year, within 60 days of the anniversary of the date of his or her qualification, "a true and just verified accounting of the receipts and expenditures in behalf of the estate during the year preceding." Here, in addition to finding that Ira Jackson had failed to expeditiously and properly administer the estate, the probate court specifically found that Ira Jackson failed to file timely and proper annual returns. The estate had been open since 1988. Therefore, there was no abuse of discretion in the probate court's removal of Ira Jackson as administrator. See *Holsenbeck v. Arnold*, 75 Ga. App. 311 (43 SE2d 348) (1947).

3. In two separate enumerations of error, Ira Jackson alleges that: (1) the "[p]robate court erred in ordering [a]ppellant to re-deed the property back to the estate that he previously deeded to himself," and (2) the "[p]robate [c]ourt abused its discretion in ordering that [a]ppellant shall not receive any attorney's fees from the Estate as the cost[s] of litigation were not brought on by his own fault or misconduct." In his brief, in violation of Court of Appeals Rule 27 (c) (1), Ira Jackson does not address these enumerations of error separately and as they are drafted, but consolidates both of these enumerations into the following argument:

> [t]he portions of the court's order requiring the retransfer of certain properties to the Estate and foreclosing recoupment of attorney's fees and other expenses incurred on behalf of the estate must be vacated because the probate court did not enter findings of fact or conclusions of law sufficient to support them.

This argument is not reasonably encompassed in Ira Jackson's enumerations of error as drafted.

> On appeal[,] an enumeration of error cannot be enlarged by a brief to give appellate viability to an issue not contained in the original enumeration. One cannot expand the scope of review or supply additional issues through a process of switching, shifting, and mending your hold.

(Citations and punctuation omitted.) *Bob v. Hardy*, 222 Ga. App. 550,

554 (474 SE2d 658) (1996).

Ira Jackson, having failed to support or address these enumerations of error, as drafted, in his brief with either citations of authority or argument, such enumerations of error are waived pursuant to Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 9, 1999.

*Arrington & Hollowell, Stanley E. Foster*, for appellant.
Willie R. Jackson, Jr., *pro se*.