## A01A0563. AKIN v. THE STATE.
(548 SE2d 655)

BARNES, Judge.

A jury convicted Harvey L. Akin of felony public indecency under OCGA § 16-6-8. Akin appeals, contending that insufficient evidence supported the verdict. Because the State failed to present evidence that Akin exposed his genitals, as alleged in the indictment, we reverse.

The evidence at trial established that Akin watched two women

park their van, then parked beside their van, and waited about an hour until they returned. One woman went to the passenger side to unlock it for her daughter-in-law, who glanced inside Akin's car, saw the occupant masturbating, and turned away immediately. She testified she saw his hand inside his shorts but could not see any private parts. The mother-in-law testified that she saw Akin masturbating in his car with both hands inside his shorts while he looked at her and smiled. She began berating him, saying he was an animal and cursing at him, which made him laugh but did not make him stop masturbating. She testified that she never saw his genitals.

A probation officer testified that he interviewed Akin, who told him that he had been sitting in his car, saw some beautiful women, and became sexually aroused. He said he began masturbating with his hands inside his shorts, but never exposed his penis to anyone. When the officer asked if he would make a written statement, Akin said he thought he needed an attorney, and the officer terminated the interview.

Akin argues that no evidence showed he exposed his penis and, therefore, the State did not present sufficient evidence to convict him of indecent exposure. OCGA § 16-6-8 (a) provides: "A person commits the offense of public indecency when he or she performs any of the following acts in a public place: (1) An act of sexual intercourse; (2) A lewd exposure of the sexual organs; (3) A lewd appearance in a state of partial or complete nudity; or (4) A lewd caress or indecent fondling of the body of another person." The indictment charged Akin with

> the offense of Public Indecency [(OCGA § 16-6-8)] for that the said accused, in the State and County aforesaid, on the 3rd day of July, 1998, did unlawfully, *perform a lewd appearance in a state of partial nudity and a lewd exposure of the sexual organs in a public place,* . . . said accused having at least three (3) prior convictions for Public Indecency, contrary to the laws of said State, the good order, peace and dignity thereof.

(Emphasis supplied.)

In *Clark v. State,* 169 Ga. App. 535, 536 (3) (313 SE2d 748) (1984), the appellant was charged with OCGA § 16-6-8 (a) (3), making a lewd appearance in a state of partial nudity in a public place. The evidence consisted of a police officer's testimony that he saw the appellant urinating on the ground in a public shopping center parking lot, although he never saw the appellant's genitals. The appellant argued the evidence was insufficient because no one testified they saw him in a state of partial nudity. We held that the State presented

sufficient circumstantial evidence of partial nudity, "as the jury could reasonably have inferred from the police officer's testimony that appellant was partially nude while performing the act of urination." Id.

In this case, unlike *Clark,* not even circumstantial evidence exists that Akin was partially nude or had exposed his sex organs. To the contrary, both eyewitnesses testified specifically that they never saw Akin's genitals because he had his hands inside his shorts. Although the General Assembly might have logically included the defendant's misconduct within the prohibitions in OCGA § 16-6-8, it did not do so, and we are not free to interpret the statute to accomplish that end. A criminal statute's unambiguous words may not be altered by judicial construction in order to extend punishment, however deserving of the punishment the person's conduct may seem. *Waldroup v. State,* 198 Ga. 144, 145 (30 SE2d 896) (1944).

Further, criminal statutes must be strictly construed against the State, and we cannot resort to subtle and forced constructions to limit or to extend the operation of criminal statutes. *Fleming v. State,* 271 Ga. 587, 590 (523 SE2d 315) (1999). "The unambiguous words of a criminal statute are not to be altered by judicial construction so as to punish one not otherwise within its reach." (Citation and punctuation omitted.) *State v. Luster,* 204 Ga. App. 156, 158 (1) (a) (ii) (419 SE2d 32) (1992).

We conclude that the evidence was insufficient for a rational trier of fact to find Akin guilty beyond a reasonable doubt of public indecency, as defined by the statute and charged in the indictment. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 27, 2001.

*Kenneth D. Bruce,* for appellant.

*Herbert E. Franklin, Jr., District Attorney, Michael Moeller, Assistant District Attorney,* for appellee.