A03A0302. WHITFIELD v. THE STATE.
(575 SE2d 899)

BLACKBURN, Chief Judge.

Following a jury trial, Benjamin Whitfield appeals his conviction for public indecency, contending that the evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

*Phagan v. State*.[2]

[8] *Moore v. State*, 246 Ga. App. 163, 166 (5) (539 SE2d 851) (2000).
[9] *Evans v. State*, 253 Ga. App. 71, 75 (1) (558 SE2d 51) (2001).
[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

Viewed in this light, the record shows that, in a strip mall parking lot on the evening of October 1, 2001, Whitfield had an altercation with Barbara Johnson over a $5 bill he snatched from her hand. As the disagreement escalated, Johnson jumped into a car with her friends, Roberta Pratt and Sheree Hawkins. Whitfield then stood in front of the car, exposed his penis, shook it, and told Johnson to suck it. This evidence was sufficient to support the verdict.

Although Whitfield maintains that he never exposed himself, the outcome of this appeal remains the same, as the jurors, not this Court, were the appropriate arbiters of credibility in this matter. *Phagan*, supra.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED DECEMBER 23, 2002.

*Robert R. McLendon IV*, for appellant.

*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.