A04A1824. JARVIS v. THE STATE.

(604 SE2d 258)

PHIPPS, Judge.

Following denial of his motion for new trial, J. D. Jarvis appeals his conviction of the aggravated child molestation of his two-year-old stepniece, S. T. He challenges the sufficiency of the evidence, complains of the trial court's admission of similar transaction evidence,

and claims ineffective assistance of counsel. Finding no merit in any of his claims of error, we affirm.

State's evidence showed that Jarvis was married to S. T.'s mother's half-sister. On the day in question, S. T.'s mother left S. T. and her younger child with her half-sister for about eight hours. Jarvis was the only other person there. S. T.'s mother testified that she had changed S. T.'s diapers before dropping her off and that nothing appeared abnormal. But after she took S. T. home and began to bathe her, she noticed blood in her diapers as well as redness and swelling. She asked S. T. if anyone had touched her. S. T. responded affirmatively. In response to further questioning, S. T. identified Jarvis as the person who had done so. S. T.'s mother took her to the emergency room where S. T. was examined. The attending physician found vaginal redness and swelling as well as a small vaginal tear. The physician testified that this trauma was consistent with sexual or physical abuse. S. T.'s mother testified that the incident had resulted in a behavioral change in the child.

Jarvis has three adult daughters. At trial, two of them testified that in 1985 they had revealed that he had sexually molested them when they were children. As a result, criminal charges were brought against Jarvis. He entered a guilty plea and was incarcerated. Jarvis's third daughter testified that he had never "messed" with her.

1. The evidence, viewed in the light most favorable to the verdict, was sufficient to authorize a rational trier of fact to find Jarvis guilty beyond a reasonable doubt.[1]

2. Because the record shows that Jarvis did not offer at trial any grounds in support of his objection to introduction of the similar transaction evidence, he has failed to preserve the objection for appellate review.[2] In any event, the trial court did not abuse its discretion in admitting such evidence.[3] "The rule allowing similar transaction evidence has been most liberally extended in the area of sexual offenses. [Cit.] Sexual molestation of young children, as well as teenagers, regardless of sex or type of act, is sufficient similarity to make the evidence admissible. [Cits.]"[4]

3. Jarvis charges his trial attorney with ineffective assistance in failing to call certain subpoenaed defense witnesses to the stand. The witnesses would have testified that S. T.'s mother had a long-standing grudge against Jarvis; that, as a result, she had threatened to have him killed or sent to prison before the incident giving rise to

---

[1] See generally Whitfield v. State, 259 Ga. App. 61 (575 SE2d 899) (2002).

[2] See Foster v. State, 254 Ga. App. 255, 256-257 (3) (562 SE2d 191) (2002); Johnson v. State, 233 Ga. App. 301, 302-303 (3) (a) (504 SE2d 8) (1998).

[3] E.g., Johns v. State, 253 Ga. App. 207 (1) (558 SE2d 426) (2002).

[4] Wilson v. State, 210 Ga. App. 705, 708 (2) (436 SE2d 732) (1993).

this case; and that S. T.'s mother had confided to one of the witnesses that she had been told that her own husband, S. T.'s stepfather, might be a child molester. The trial court was authorized to find that those witnesses did not, however, appear credible and that, if they had testified, S. T.'s mother would have taken the stand and categorically denied their accusations.

The determination of which witnesses to call is a strategic and tactical decision within the exclusive province of the attorney after consultation with the client.[5] The record shows that after counsel consulted with Jarvis, the two of them agreed that the defense should call only one of his daughters to the stand and not the other subpoenaed witnesses. Jarvis has not shown that the advice given him by defense counsel fell outside the broad range of reasonable professional conduct or that there is a reasonable probability that the result of the proceeding would have been different if the other defense witnesses had testified.[6] Consequently, the trial court's determination that Jarvis was not denied effective assistance of counsel must be affirmed.[7]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 1, 2004.

*Robert R. McLendon IV*, for appellant.
*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.

---

[5] *Myers v. State*, 275 Ga. 709, 714 (4) (572 SE2d 606) (2002).
[6] See generally *Williams v. State*, 218 Ga. App. 785, 788 (3) (463 SE2d 372) (1995).
[7] See id.