**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 26, 2015**

# In the Court of Appeals of Georgia

A14A1813. DOUGLAS v. THE STATE.

DILLARD, Judge.

Following a trial by jury, Benjamin Thomas Douglas was convicted on one count of public indecency. Douglas appeals his conviction, arguing that the evidence was insufficient to sustain the jury's verdict and that the trial court erred by failing to define "public place" in its charge to the jury. For the reasons set forth *infra*, we affirm.

Viewed in the light most favorable to the jury's guilty verdict,[1] the record reflects that the witness in this case was entering a mall department store from a parking-lot entrance when he encountered Douglas, who was sitting on a bench outside of the store. From only 10-15 feet away, the witness noticed that Douglas was

---

[1] *See, e.g.*, *Goolsby v. State*, 299 Ga. App. 330, 330 (682 SE2d 671) (2009).

masturbating and could clearly see his exposed penis. When the witness approached to ask if something was wrong, Douglas hastily retreated into the parking lot as the witness followed behind while on the phone with 911, and Douglas then threatened the witness.

When Douglas drove off in a black Audi, the witness described the vehicle and its general direction to the dispatcher. Douglas was apprehended when his vehicle was stopped minutes later and he was found wearing exactly what the witness had described. The arresting officer testified that Douglas's hands, steering wheel, and keys were covered in petroleum jelly, and a tube of petroleum jelly was found in a separate pair of pants with a waistband that was also coated in the substance. The witness positively identified Douglas shortly after the stop and again at trial. Douglas was then convicted on one count of felony public indecency. This appeal follows.

1. Douglas first contends that the evidence was insufficient to sustain the jury's guilty verdict as to public indecency. We disagree.

At the outset, we note that on appeal from a criminal conviction, "the defendant is no longer entitled to a presumption of innocence and we therefore construe the

evidence in the light most favorable to the jury's guilty verdict."[2] With this guiding principle in mind, we turn now to Douglas's enumeration of error.

A person commits the offense of public indecency in the manner for which Douglas was charged when he or she performs, in a public place, "[a] lewd exposure of the sexual organs."[3] And here, the evidence established that the witness noticed Douglas masturbating on a bench outside of a mall department store and could clearly see Douglas's exposed penis. This evidence was sufficient to establish that Douglas committed the offense of public indecency by a lewd exposure of his sexual organs.[4]

Although Douglas takes issue with the witness's trial testimony that he saw Douglas wearing "short pants" when he was later found wearing sweat pants, the officer testified that Douglas was apprehended wearing exactly what was described

---

[2] *Muse v. State*, 323 Ga. App. 779, 780 (748 SE2d 136) (2013) (punctuation omitted).

[3] OCGA § 16-6-8 (a) (2).

[4] *See Whitfield v. State*, 259 Ga. App. 61, 61-62 (575 SE2d 899) (2002) (holding evidence was sufficient to support conviction for public indecency when, after an altercation in a strip mall parking lot, defendant "stood in front of the car, exposed his penis, shook it, and told [a woman] to suck it"); *cf. Akin v. State*, 249 Ga. App. 412, 413 (548 SE2d 655) (2001) (reversing conviction for public indecency when witnesses did not actually see exposed genitalia as defendant masturbated).

in a "be-on-the-lookout" report, and any inconsistencies in the evidence were for the jury to resolve.[5] Accordingly, this enumeration of error lacks merit.

2. Douglas next argues that the trial court erred in failing to instruct the jury as to the definition of "public place." Again, we disagree.

The record reflects that Douglas neither requested that the jury be instructed as to the definition of "public place" nor objected to the trial court's failure to give this instruction. Accordingly, we review this enumeration for plain error only.[6]

As adopted by our Supreme Court, the plain-error test "gives the appellate court discretion to reverse a conviction if the instruction was erroneous, the error was

---

[5] *Farris v. State*, 290 Ga. 323, 324 (1) (720 SE2d 604) (2012) ("It is for the jury 'to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence.'"); *Miller v. State*, 325 Ga. App. 764, 766 (1) (754 SE2d 804) (2014) (same).

[6] *See, e.g.*, *Haithcock v. State*, 320 Ga. App. 886, 890 (5) (740 SE2d 806) (2013) (reviewing for plain error only when counsel did not request charge or voice an objection to the failure to charge); *see also* OCGA § 17-8-58 (b) ("Failure to object in accordance with subsection (a) of this Code section shall preclude appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties. Such plain error may be considered on appeal even if it was not brought to the court's attention as provided in subsection (a) of this Code section.").

obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affected the fairness, integrity or public reputation of judicial proceedings."[7]

OCGA § 16-1-3 defines public place as "any place where the conduct involved may reasonably be expected to be viewed by people other than members of the actor's family or household."[8] Under this general definition, what constitutes a public place is a question of fact for the jury and must be proved or disproved by the evidence in each case;[9] and we have previously sustained convictions for public indecency when a defendant has exposed his or herself in shopping center parking lots.[10] Moreover,

---

[7] *Haithcock*, 320 Ga. App. at 890 (5); *see also Terry v. State*, 291 Ga. 508, 509 (2) (731 SE2d 669) (2012) (construing the plain-error test adopted in *State v. Kelly*, 290 Ga. 29 (718 SE2d 323) (2011)).

[8] OCGA § 16-1-3 (15). *See generally Singletary v. State*, 310 Ga. App. 570, 570-73 (713 SE2d 698) (2011) (providing in-depth discussion of the definition of "public place" as it applies to various criminal offenses in Georgia law).

[9] *Singletary*, 310 Ga. App. at 571 ("[U]nder this general definition, we have previously (and understandably) held that the determination of what constitutes a 'public place' is a question of fact for the jury."); *Greene v. State*, 191 Ga. App. 149, 150 (381 SE2d 310) (1989) ("What constitutes a 'public place' within the meaning of our statute[ ] is a question of fact which must be proved or disproved by the evidence in each case." (citation and punctuation omitted)).

[10] *See Whitfield*, 259 Ga. App. at 61-62 (affirming conviction when appellant exposed his genitalia to a woman in a strip mall parking lot); *Watkins v. State*, 237 Ga. App. 94, 94-95 (514 SE2d 244) (1999) (affirming conviction when appellant exposed his genitalia to a woman in a mall parking lot); *Clark v. State*, 169 Ga. App.

even areas that are generally private locations can be transformed into public places such that we have sustained juries' findings of guilt.[11]

Here, as previously discussed, the evidence established that Douglas's genitalia was clearly exposed while he masturbated on a bench outside of a shopping mall department store, and he was actually seen by a person unrelated to him. Under these circumstances, Douglas has not shown that the failure to define "public place" affected the outcome of the proceedings and, thus, he has failed to satisfy the burden of establishing plain error.[12]

---

535, 536 (3) (313 SE2d 748) (1984) (affirming conviction when appellant urinated in shopping center parking lot); *White v. State*, 138 Ga. App. 470, 470-71 (226 SE2d 296) (1976) (affirming conviction when appellant committed acts of indecency in mall parking lot).

[11] *See Greene*, 191 Ga. App. at 150 (affirming conviction for public indecency when appellant exposed himself to teenage babysitters by walking around nude in their presence in his bedroom); *McGee v. State*, 165 Ga. App. 423, 424 (2) (299 SE2d 573) (1983) (affirming conviction for public indecency when appellant exposed himself and masturbated in front of unrelated victim in victim's apartment).

[12] *See Johnson v. State*, 295 Ga. 615, 618 (2) (759 SE2d 837) (2014) ("Appellant has failed to show that the charging error affected the outcome of the proceedings at trial and thus has failed to satisfy the burden of proving the third and fourth prongs of the four-pronged test for establishing plain error."); *cf. Singleton v. State*, 146 Ga. App. 72, 73 (2) (245 SE2d 473) (1978) (reversing conviction for public indecency when trial court did not charge the statutory definition of "public place," but instead gave its own definition that was not the equivalent of the statutory definition, and the court's definition "could very easily have been confusing and

6

Accordingly, for all of the foregoing reasons, we affirm Douglas's conviction.

*Judgment affirmed. Doyle, P. J., and Miller, J., concur.*

---

misleading to the jury in light of the wording of the accusation").