Branch, Judge, dissenting.
Although Gonzales argues that he was prejudiced by counsel's failure to elicit testimony from the mother that her daughter was untruthful, counsel testified at the hearing on Gonzales's motion for new trial that counsel chose not to do so because in the absence of testimony from the child herself as to her truthfulness, the mother's opinion on the subject would have been based on facts not in evidence. The trial court concluded that declining to extend cross-examination of the mother to the subject of the victim's untruthfulness was a reasonable legal strategy. Because we are not entitled to substitute our judgment for that of counsel and the trial court on this issue, I dissent.
In the landmark case of Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court noted that
[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.
Id. at 689-690 (III) (A), 104 S.Ct. 2052 ; see also Arnold v. State , 292 Ga. 268, 270 (2) (a), 737 S.E.2d 98 (2013). This Court has thus held that "which witnesses to call and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client, and whether an attorney's trial tactics are reasonable is a question of law, not fact." Howard v. State , 340 Ga. App. 133, 140 (2) (a), 796 S.E.2d 757 (2017) (footnote and punctuation omitted); see also Perdue v. State , 298 Ga. 841, 845 (3), 785 S.E.2d 291 (2016) (the decision as to which defense witnesses to call is a matter of trial strategy and tactics).
At the hearing on Gonzales's motion for new trial, his counsel testified that Gonzales was "adamant about being involved" in his own defense "from beginning to end," including the decision whether to obtain testimony from the victim's mother as to the victim's untruthfulness even in the absence of the victim's own testimony on the subject. Counsel also testified that Gonzales's strategic goal was to elicit the victim's own testimony concerning her truthfulness "out of the [victim's own] mouth," and only then to show that her own mother told a treating psychologist that the child "[told] lies to get what she wants." Later at the same hearing, however, counsel testified that the defense team had found the mother's opinion that the victim was "vindictive," "not truthful," and "a liar" to be the "best evidence" with which to impeach the victim's credibility, and that there had been no strategic reason for failing to obtain this opinion on cross-examination.
Even if counsel later, with the benefit of the hindsight provided by appellate counsel, found fault with the decision not to extend cross-examination of the victim's mother to the subject of the victim's truthfulness, that decision was undertaken after consultation with Gonzales, and the trial court, resolving contradictory testimony from counsel, explicitly found it to be part of a reasonable trial *647 strategy. See Jarvis v. State , 269 Ga. App. 415, 415 (3), 604 S.E.2d 258 (2004) (counsel's failure to call victim's mother to testify as to the mother's "longstanding grudge" against a child molestation defendant was not deficient performance). Because we are not justified under these facts to substitute our judgment for that of counsel and the trial court on this issue, I dissent to the reversal of Gonzales's conviction on the ground that trial counsel was ineffective in this regard.