**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 26, 2025**

# In the Court of Appeals of Georgia

A24A1445. ONYEKA v. THE STATE.

BARNES, Presiding Judge.

Marshae Ann Onyeka appeals from the trial court's order denying her plea in bar. On appeal, Onyeka contends as error the trial court's denial of her motion for directed verdict, the trial court's vacatur of its order granting her judgment notwithstanding the verdict ("JNOV") and a new trial, and the court's denial of her plea in bar. Having reviewed Onyeka's contentions and finding no reversible error, we affirm the trial court's judgment.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [Onyeka] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does

not weigh the evidence or determine witness credibility." *Eady v. State*, 256 Ga. App. 696, 696 (569 SE2d 603) (2002). So viewed, the evidence demonstrates that on July 21, 2021, at approximately 4 p.m., the witness pulled into the parking lot of a Fayette County retail store. Before her daughter exited the vehicle, she told the witness that a woman was squatting next to their vehicle and defecating in the parking lot. The witness got out, walked to the back of her car, and peeked around the car and made "eye contact" with Oneyka, who was "defecating and urinating." The witness got back into her car, and Oneyka got into the car parked next to the witness and drove away. The witness called the police and gave them Oneyka's tag number. Police later found and arrested Oneyka at a nearby service station. She was subsequently charged by accusation with indecent exposure related to the parking lot incident, and criminal trespass stemming from an unrelated act.

Oneyka was accused of criminal trespass that occurred "on or about the 21st day of July, 2021 by entering upon the premises of Racetrac . . . after receiving prior notice from an authorized person that such entry was forbidden, in violation of OCGA § 16-7-21 (a)." She was also accused of public indecency, "on or about the 21st day

of July, 2021," for "a lewd exposure of her sexual organs at . . . a public place, in violation of OCGA § 16-6-8."

Onyeka waived arraignment, pled not guilty, and requested a jury trial. The State dismissed the criminal trespass count, amended the accusation to include only the indecent exposure count, and proceeded to trial. At the close of the State's case, and again at the close of evidence, Onyeka moved for a directed verdict of acquittal, arguing that the State failed to prove beyond a reasonable doubt that she had exposed her genitals per the accusation. The trial court denied the motion, and the jury returned a verdict of guilty. Following the verdict, Onyeka moved for a JNOV, which the trial court orally granted.

Although the State filed a motion for reconsideration of the JNOV, the trial court sua sponte entered an order vacating the JNOV after concluding that the entry of a JNOV was procedurally improper in a criminal case. The trial court recalled that Onyeka "emailed the proposed order [reflecting the JNOV] to the Court. [But] [u]pon review of the docket, [Onyeka] has not filed the proposed order on the record." However, in the same order, the trial court found that the verdict of the jury was contrary to the evidence, and on its "own motion" pursuant to OCGA § 5-5-40 (h),

granted Onyeka a new trial.[1] The trial court concluded that the State had failed to prove beyond a reasonable doubt that Onyeka "performed a lewd exposure of sexual organs."

The State filed an amended accusation and again accused Onyeka of criminal trespass and public indecency. Onyeka subsequently filed a plea in bar, asserting that the State was barred from including in the amended accusation the previously dismissed criminal trespass count because of double jeopardy, and also asserting that the amendment fell outside the statute of limitations pursuant to OCGA § 16-1-8 (b) (1). After concluding that the State was not barred from including the criminal trespass count in the amended accusation, the trial court denied the plea in bar. It is from that order that Onyeka appeals.

1. Onyeka first contends that the trial court erred in denying her motion for directed verdict of acquittal. According to Onyeka, the State failed to prove the essential elements of the public indecency count, as alleged in the accusation, in that

---

[1] Trial courts are authorized to grant motions for new trial on their own motion within 30 days of the entry of judgment, which is what happened here. See OCGA § 5-5-40 (h) ("The court also shall be empowered to grant a new trial on its own motion within 30 days from entry of the judgment, except in criminal cases where the defendant was acquitted."). See *State v. Jones*, 284 Ga. 302, 302-303 (1) (667 SE2d 76) (2008)

there was no evidence of the "lewd exposure of her sexual organs." Onyeka points to the witness's testimony that she did not see Onyeka's sexual organs, and the lack of any other evidence that the sexual organs were exposed as alleged in the accusation.

On appeal from the denial of a motion for a directed verdict of acquittal, this Court must view the trial evidence in the light most favorable to the jury's verdict. *Helton v. State*, 284 Ga. App. 777, 777-778 (1) (644 SE2d 896) (2007). A motion for a directed verdict of acquittal should be granted only when "there is no conflict in the evidence introduced and the evidence with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty.' " OCGA § 17-9-1(a).

A person commits the offense of public indecency in the manner for which Onyeka was charged when, per OCGA § 16-6-8 (a) (2), while in a public place, she performs "[a] lewd exposure of the sexual organs."[2] And here there is no dispute that Onyeka was in a public place, however the witness testified that she did not see

---

[2] OCGA § 16-6-8 (a) provides: "A person commits the offense of public indecency when he or she performs any of the following acts in a public place: (1) An act of sexual intercourse; (2) A lewd exposure of the sexual organs; (3) A lewd appearance in a state of partial or complete nudity; or (4) A lewd caress or indecent fondling of the body of another person."

Onyeka's sexual organs. The evidence, however established that the witness observed Onyeka defecating and urinating.

Onyeka contends that the accusation charged her with public indecency for the lewd *exposure of her sexual organs*, and thus for the evidence to be sufficient to prove her guilty beyond a reasonable doubt of public indecency, there must be evidence that her sexual organs were exposed, i.e. the witness actually saw her sexual organs. Onyeka cites as persuasive precedent our decision in *Akin v. State*, 249 Ga. App. 412 (548 SE2d 655) (2001), where, in reversing the appellant's public indecency conviction, this Court found that no direct or circumstantial evidence was presented to prove that appellant was partially nude or had exposed his sex organs, which under the plain language of OCGA § 16-6-8 (a) (3) was required to convict. Id. at 414. In *Aiken*, the appellant was observed by witnesses masturbating in his car with one or both hands inside his shorts, but the witnesses testified that they did not see the appellant's genitals. Id. Charged with indecent exposure, the appellant was accused of making "a lewd appearance in a state of partial nudity." Id. at 413. In declining to alter "[a] criminal statute's unambiguous words . . . by judicial construction in order to extend punishment," where there was no evidence of partial nudity, we found the

evidence related to the appellant's conduct "insufficient for a rational trier of fact to find [the appellant] guilty beyond a reasonable doubt of public indecency, as defined by the statute and charged in the indictment." Id. at 413.

However, in interpreting conduct under the same statute, we have found sufficient *circumstantial* evidence of partial nudity, such that "the jury could reasonably have inferred" that the act was performed while partially nude. *Clark v. State*, 169 Ga. App. 535, 536 (3) (313 SE2d 748) (1984). In *Clark*, based on a police officer's testimony that he saw the appellant urinating on the ground in a public shopping center parking lot, the appellant was charged with making a lewd appearance in a state of partial nudity in a public place. Id. at 535. The officer, however, did not see the appellant's penis. Id. at 536 (3). The appellant argued the evidence was insufficient because no one testified they saw him in a state of partial nudity. Id. Nevertheless, we held that "[a]lthough the evidence as to partial nudity was circumstantial, it was sufficient, as the jury could reasonably have inferred from the police officer's testimony that appellant was partially nude while performing the act of urination." Id.

Similarly, in this case, Onyeka was accused of performing in a public place a "lewd exposure of her sexual organs." Although the witness here did not testify that she saw Onyeka's sexual organs, she testified that she saw Onyeka defecating and urinating in public. Like the jury in *Clark*, similarly, the jury here could reasonably infer that Onyeka's sexual organs were exposed while she defecated and urinated in the parking lot. See *Collett v. State*, 305 Ga. 853, 855 (1) (828 SE2d 362) (2019) (noting that "where convictions are based on circumstantial evidence, the evidence must be 'consistent with the hypothesis of guilt' and 'exclude every other reasonable hypothesis save that of the guilt of the accused.' OCGA § 24-14-6. Not every hypothesis is reasonable, and the reasonableness of alternative hypotheses raised by a defendant is a question principally for the jury") (Citations and punctuation omitted.); *Weyer v. State*, 333 Ga. App. 706, 712 (1) (b) (776 SE2d 304) (2015) (explaining that "jurors [are] entitled to draw reasonable inferences from the evidence based on their own common-sense understanding of the world").

Accordingly, the trial court did not err in denying Onyeka's motion for directed verdict.

2. Onyeka also asserts that the trial court's JNOV was, in effect, an acquittal of the public indecency count, and the trial court could not revisit the acquittal after it declared her "free to go," nor could the State move for a reconsideration of the "acquittal."

We first note that Georgia law does not provide for a JNOV in a criminal proceeding. *Rhyne v. State*, 209 Ga. App. 548, 550-551 (1) (434 SE2d 76) (1993). See also *Brown v. State*, 229 Ga. App. 87, 90-91 (4) (493 SE2d 230) (1997) (same). Moreover, when as here, the JNOV, or purported "acquittal" was orally pronounced and never memorialized in a written order, "the trial judge has broad discretion to amend, alter, or completely change his decision, and any discrepancy between the oral pronouncement and the written ruling will be resolved in favor of the written judgment." (Citation and punctuation omitted.) *Burns v. State*, 313 Ga. 368, 375 (3) n. 4 (870 SE2d 360) (2022).

Thus, as Georgia law does not provide for the entry of a JNOV, nor was there a written order reflecting the entry of a JNOV, there was no judgment of acquittal on the indecent exposure count. See generally *Hill v. State*, 281 Ga. 795, 799 (3) (642

9

SE2d 64) (2007) (providing that in general, an oral ruling is neither final nor appealable until and unless it is reduced to writing).

3. Onyeka last challenges the trial court's denial of her plea in bar. She asserts that because she was acquitted of indecent exposure, double jeopardy precludes a second trial. Further, according to Onyeka, the State is required to prosecute crimes arising from the same conduct in a single prosecution. As such, she maintains, because the alleged criminal trespass occurred "as a part of the same transaction and on the same date," the crimes must be prosecuted together. The resulting procedural double jeopardy, she contends, bars any subsequent prosecution of the criminal trespass count. Onyeka also contends that the amended accusation adding the criminal trespass charge falls outside of the statute of limitations. See *Garrett v. State*, 306 Ga. App. 429, 429 (702 SE2d 470) (2010) (noting that the appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion. But where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, we review de novo the trial court's application of the law to undisputed facts") (citations and punctuation omitted.).

"The grant of a new trial eliminates everything which is pending in the old trial. When a new trial is granted, the effect is to set aside all proceedings in the old trial. Where a new trial has been granted, the case stands ready for trial as if there had been no trial." (Citations and punctuation omitted.) *Bankhead v. State*, 253 Ga. App. 214, 215 (1) (558 SE2d 407) (2001). Our Constitution specifically provides that "no person shall be put in jeopardy of life or liberty more than once for the same offense *except when a new trial has been granted after conviction* or in case of mistrial." Ga. Const. 1983, Art. I, Sec. I, Par. XVIII. (Emphasis supplied.). To that end, "[a]s a general rule, a post-conviction reversal or grant of a motion for new trial which is not based on insufficiency of the evidence does not preclude retrial." (Citation and punctuation omitted.) *Prather v. State*, 303 Ga. App. 374, 376 (1) (693 SE2d 546) (2010).

Here, as explained supra in Division 2, the trial court did not acquit Onyeka of indecent exposure; in fact, it twice denied her directed verdict motions. Also, in granting a new trial, the trial court specifically exercised its discretion as the thirteenth juror, and found the verdict "contrary to the evidence and principles of justice and equity." See *White v. State*, 293 Ga. 523, 524-525 (753 SE2d 115) (2013) ("[A] trial judge may grant a new trial if the verdict of the jury is 'contrary to … the principles

11

of justice and equity,' OCGA § 5-5-20, or if the verdict is 'decidedly and strongly against the weight of the evidence.'" OCGA § 5-5-21. When properly raised in a timely motion, these grounds for a new trial — commonly known as the 'general grounds' — require the trial judge to exercise a 'broad discretion to sit as a thirteenth juror.'") (punctuation omitted.).[3] Compare *Hall v. State*, 244 Ga. 86, 93 (5) (259 SE2d 41) (1979) ("[O]nce a reviewing court reverses a conviction solely for insufficiency of the evidence to sustain the jury's verdict of guilty, double jeopardy bars retrial."). Moreover, we "will not disturb the first grant of a new trial based on the general grounds unless the trial court abused its discretion in granting it and the law and the facts demand the verdict rendered." *State v. Hamilton*, 299 Ga. 667, 670-671 (2) (791 SE2d 51) (2016); OCGA § 5-5-50.

Thus, as Onyeka was granted a new trial and was not acquitted of indecent exposure, double jeopardy did not bar the retrial of the crime.

---

[3] "In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the judge presiding may grant a new trial before another jury." OCGA § 5-5-20. In addition, "[t]he presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." OCGA § 5-5-21.

Regarding the criminal trespass count that was nolle prossed then recharged in the amended accusation, the State is not barred from amending the accusation to include the criminal trespass count, nor is there any resulting procedural double jeopardy.[4] "A nolle prosequi does not adjudicate either innocence or guilt of the accused unless the accused has been placed in jeopardy. A defendant is not placed in

[4] Onyeka also argues that the State was required to prosecute the criminal trespass count with the public indecency count and that the subsequent prosecution of the criminal trespass charge is barred by procedural due process. See *Nicely v. State*, 305 Ga. App. 387, 388 (1) (699 SE2d 774) (2010) (providing that "[u]nder OCGA § 16-1-7 (b), if several crimes [1] arising from the same conduct are [2] known to the proper prosecuting officer at the time of commencing the prosecution and are [3] within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . . A second prosecution is barred under OCGA § 16-1-8 (b) (1) if it is for crimes which should have been brought in the first prosecution under OCGA § 16-1-7 (b).") (citations and punctuation omitted.). However, the procedural double jeopardy claim Onyeka asserts pursuant to OCGA § 16-1-7 does not apply because the criminal trespass count did not arise from the same conduct as the public indecency count. Onyeka was traced to the service station because of the alleged public indecency, and while investigating the call, police discovered that Onyeka was violating a prior warning related to some earlier incident at the service station. As the trial court found at the hearing on the plea in bar, the "criminal trespass had nothing to do with the public indecency. It was a prior warning of [Onyeka] on that property." See generally *State v. Stein*, 214 Ga. App. 345, 346(447 SE2d 701 )(1994) (describing that where officer investigating accident found evidence of controlled substance violations, a separate prosecution of the traffic offenses after prosecution for the controlled substance offenses was not barred by double jeopardy since the offenses involved, among other things, different acts, and that "evidence of the traffic-related offenses could be presented without permitting [e]vidence of the controlled substance offenses, and vice versa.")

jeopardy until the jury has been impaneled and sworn." (Citations and punctuation omitted.) *Alexander v. State*, 192 Ga. App. 211, 211-212 (384 SE2d 436) (1989). In this case, the jury had not been impaneled at the time the criminal trespass count was dismissed by virtue of the entry of a nolle prosequi. Thus, because Onyeka had not been placed in jeopardy at the time the trespass count was dismissed, she was not placed in double jeopardy by prosecution of the same crime in the amended accusation.

Moreover, contrary to Onyeka's contention, the amended accusation adding the criminal trespass charge did not fall outside of the statute of limitations. OCGA § 17-3-1 (e) provides that "[p]rosecution for misdemeanors shall be commenced within two years after the commission of the crime." However, OCGA § 17-3-3 provides, in pertinent part, that "[i]f an indictment is found within the time provided for in [OCGA § 17-3-1 (e)– two years for misdemeanors] and is quashed or a nolle prosequi entered, the limitation shall be extended six months from the time the first indictment is quashed or the nolle prosequi entered."

Here, the State filed the amended accusation within six months of the nolle prossed criminal trespass count – nolle prossed in August 2023, amended accusation

14

filed in September 2023 – and thus the trial court did not err in denying Onyeka's plea in bar. See *Carlisle v. State*, 277 Ga. 99, 100-101 (586 SE2d 240) (2003) (providing that if the State obtains an indictment within the time allowed, and a nolle prosequi is later entered as to the first indictment, the State may re-indict the defendant within six months after the entry of nolle prosequi, regardless of the intervening expiration of the initial limitation period).

*Judgment affirmed. Gobeil and Pipkin, JJ., concur.*